UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTONIO L. GRIGGS, aka ANTONIO GRIGGS-BEY** | **CIVIL ACTION NO. 6:14-cv-1168** |
| **VS.** | **SECTION P** |
| | **JUDGE DOHERTY** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE HILL** |

### REPORT AND RECOMMENDATION

On June 12, 2014, *pro se* petitioner Antonio L. Griggs, also known as Antonio Griggs-Bey, filed the instant petition for "Writ of Mandamus." Petitioner avers that his status as an "Aboriginal Indigenous Moorish-American . . . aligned and bound to the Zodiac Constitution . . ." in conjunction with a pair of treaties entered into between the United States and Morocco in 1787 and 1836, entitle him to obtain a writ of mandamus from this Court to compel Judge Ellis Daigle, a judge of the Louisiana Twenty-Seventh Judicial District Court, to enforce or honor "the Default Judgment filed on April 23, 2014 as the Writ of Discovery submitted was not honored." These motions or pleadings were allegedly filed in an on-going criminal prosecution of petitioner in the Louisiana Twenty-Seventh Judicial District Court for St. Landry Parish, Louisiana in the matter entitled *State of Louisiana v. Antonio L. Griggs*, Docket No. CR-111726-B.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court. For the following reasons it is recommended that this action be

**DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

### Law and Analysis

Petitioner seeks mandamus – an order directing a State court judge to enter a default judgment for his failure to comply with a motion for discovery that petitioner filed in an on-going criminal prosecution in a Louisiana State court.

The federal mandamus statute, 28 U.S.C. § 1361 gives the United States District Court "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Judge Daigle is not an officer or employee of the United States.

Moreover, under 28 U.S.C. § 1651, federal courts are empowered to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The relief requested by petitioner is not in aid of the jurisdiction of this federal court. *Nabelek v. Collins,* 48 Fed. Appx. 104 (5th Cir. 2002).

Finally, it is well settled that "a federal district court is not authorized to grant relief in the nature of mandamus relief to direct state officials in the performance of their duties and functions." *See Moye v. Clerk, DeKalb County Superior Court*, 474 F.2d 1275, 1275–76 (5th Cir. 1973); *Emerson v. Owens*, 472 Fed. Appx. 308 (5th Cir. 2012) *citing Moye, supra.; Nabelek v. Collins*, 48 Fed. Appx. 104 (5th Cir. 2002) *citing Moye, supra.* (disallowing suit for mandamus relief by state prisoner seeking an order for a state judge to rule on pending motions). In short, petitioner is not entitled to the relief he seeks.

For these reasons,

**IT IS RECOMMENDED THAT** the instant petition seeking a writ of mandamus be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.**  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Lafayette, Louisiana on July 19, 2014

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent:  RFD
On:  7/21/2014
By:  MBD

3